# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>    Plaintiff,   )<br>v.   )<br>    )<br>VINTON BROWNLEE,   )<br>    Defendant.   ) | No. 2:20-cr-20036-1-SHL |

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant's Motion to Suppress, filed October 6, 2020. (ECF No. 23.) Defendant seeks to suppress "all evidence" arising out of a search of his home on May 7, 2019, arguing that the search was unconstitutional. (ECF No. 23 at PageID 30.) Specifically, Defendant seeks to suppress evidence of the firearm recovered in the search. (ECF No. 23.) He argues that there was not reasonable suspicion that evidence of a supervised release violation was in his home, as required by the conditions of his supervised release.[1]

The Government responded on October 20, 2020, arguing that the search was constitutional and based on reasonable suspicion. (ECF No. 26.)

The Court held an evidentiary hearing on November 2, 2020. (ECF No. 24.) The Government called U.S. Probation Officer Anthony Longman as a witness, and the Defendant called his mother Patricia Edwards and his wife Carmilla Brownlee as witnesses. (ECF No. 30.)

---

[1] Defendant initially argued that his confession was obtained via a Miranda violation and should be suppressed even if the search was found to be constitutional. He dropped this argument at the suppression hearing and now relies only on his argument that the search violated his Fourth Amendment rights, which, he argues, would result in the suppression of his statement as well. (See Hr'g Tr. 6 ("I'll strike the second argument.").)

The Government also submitted into evidence a video posted on Defendant's Facebook page. (ECF No. 30.)

For the reasons outlined below, Defendant's Motion to Suppress is **DENIED**.

## FACTS

Based on the testimony and exhibit offered at the evidentiary hearing, the Court finds the following facts.

Defendant was convicted of mail fraud in 2018. (ECF No. 27-1.) When he was arrested for that offense, the police searched his home and found large quantities of marijuana and scales, indicative of drug transactions occurring out of his home. However, he was only charged with mail fraud. (ECF No. 27-1.) He pled guilty, and the sentence imposed included a term of supervised release. (ECF No. 27-1.) His supervised release included the following special condition:

> The defendant shall submit his person, property, house, residence, and vehicle to a search conducted by a United States Probation Officer. . . . An officer may conduct a search pursuant to this condition only when reasonable suspicion exist [sic] that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

(ECF No. 27-1.)

During Defendant's term of supervised release, Officer Longman, Defendant's probation officer, "occasionally" checked Defendant's public Facebook page, which was "fairly active." (Hr'g Tr. 10–11.) On April 16, 2019, Officer Longman saw a Facebook video in which Brownlee posed with marijuana and fanned out money, saying "Y'all thought the king was gone, but he's back, bitch!" (Ex. 1 at 1:45.) The video was filmed at the home of Defendant's mother. (Ex. 1 at 1:45.) Based on this video, combined with evidence that Defendant allegedly previously sold marijuana from his home, Officer Longman believed that he had reasonable

2

suspicion to search Defendant's home, and he began to plan a search. (Hr'g Tr. 15.)

On May 7, 2019, the U.S. Probation search team executed a search of Defendant's home and found cash, pills that resembled Ecstasy,[2] marijuana and two loaded firearms. (ECF No. 26 at PageID 35.) The firearms were in a locked case, but the key to the case was attached to Defendant's car keys. (Hr'g Tr. 15.) Defendant signed a Miranda waiver and an attached questionnaire, admitting to possession of the drugs and firearms. (ECF No. 26-1.)

## **ANALYSIS**

The sole issue before the Court is whether the officers had reasonable suspicion supporting the search of Defendant's house, as required by the supervised release special condition.[3] Defendant argues that the video, which was taken at his mother's house, did not give the probation officer reasonable suspicion that Defendant's home contained evidence of a crime. The Government argues that the video, in combination with Defendant's alleged history of selling drugs from his home, amounts to reasonable suspicion.

Reasonable suspicion requires "some minimal level of objective justification"—it must be based on more than a mere hunch. United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting INS v. Delgado, 466 U.S. 210, 217 (1948)). However, the level of suspicion required is less than probable cause and "considerably less" than a preponderance of the evidence. Id. at 7. Reasonable suspicion should be evaluated based on a totality of the circumstances surrounding the search, viewed through the lens of the officers' training and experience. United States v. Cortez, 449 U.S. 411, 417 (1981). Ultimately, the officers must have had an objective basis to

---

[2] One tablet was tested and came back negative for controlled substances. The Government did not test the remaining 105 tablets. (See ECF No. 26 at PageID 35 n.1.)
[3] Defendant concedes that the enhanced search provision included in the supervised release conditions is constitutional. (ECF No. 27 at PageID 49 ("Mr. Brownlee does not take issue with the condition allowing for an enhanced search provision.").)

believe that the area to be searched contained evidence of a supervised release violation.

The Court finds that the probation officer did have reasonable suspicion to search Defendant's home. Officer Longman testified that he believed that Defendant had "returned to selling illicit substances" based on the video footage of Defendant, in combination with his knowledge of the evidence previously found that indicated Defendant was selling marijuana out of his house. (Hr'g Tr. 15.) In the video, Defendant was holding marijuana and large amounts of cash while in the presence of others using marijuana. (Ex. 1 at 1:45.) Further, his assertion that "the King" was "back" could reasonably indicate that he had returned to selling drugs. (Hr'g Tr. 53.) Because Defendant had a history of storing drugs for sale in his home, the Court concludes that it was reasonable for Officer Longman to believe that a search of Defendant's home would reveal evidence of a supervised release violation.

Because the officer had reasonable suspicion to search Defendant's home, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED,** this 24th day of November, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE